IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT REEVES,  ) | |
|     Petitioner,  ) | Civil Action No. 07-270 Erie |
|       ) | |
| v.  ) | |
|       ) | District Judge Sean J. McLaughlin |
| MARILYN S. BROOKS, et al.,  ) | Magistrate Judge Susan Paradise Baxter |
|     Respondents.  ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus, as amended, be denied and that a certificate of appealability be denied.

### II. REPORT

#### A. Relevant Background

Petitioner's case arises out of a robbery and murder that occurred in the City of Johnstown on or around August 4, 2001. Pursuant to the information filed by the Commonwealth, the victim, Larry Marshall, was robbed and assaulted with a claw hammer. He sustained serious physical injuries that ultimately caused his death on or around August 6, 2001. As a result of the police investigation, numerous charges were filed against Petitioner, including charges for criminal homicide and robbery. The evidence against him included DNA evidence, statements the victim made to a bartender before he died in which he identified Petitioner as his attacker, as well as identification testimony from three witnesses who saw him with the victim shortly before the incident.

Following his arrest, Petitioner applied for representation through the Cambria County Public Defender's Office. The court appointed Lisa Lazzari, Esq., Chief Public Defender, and Patricia C. Moore, Esq., Assistant Public Defender, to be his attorneys. Moore handled lead counsel responsibilities.

A hearing was held before the Honorable Joseph Leahey on July 16, 2002. At the hearing, the parties advised the court that they had reached a guilty plea agreement. Pursuant to the agreement, Petitioner was to plead guilty to the offense of third-degree murder and robbery of the first degree. He agreed that he was not eligible for admitting a minimum term under the mitigated range of the sentencing guidelines and that the sentences on each offense would run consecutively. Petitioner also was informed of his rights and told that he could face a total maximum aggregate sentence of 60 years (40 years imprisonment for third-degree murder and 20 years for robbery). Petitioner confirmed that he understood his possible sentence, his rights, including his appeal rights, and that his counsel had explained "the charge(s) and elements of each charge." [See Document No. 35, *Guilty Plea Explanation of Defendant's Rights* and *Disposition Under Rule 590(B) of the Rules of Criminal Procedure*; see also Document No. 55, Guilty Plea Hr'g Tr. at 69-79]. Following the presentation of evidence and a colloquy with Petitioner, the court accepted the guilty plea.

Judge Leahey sentenced Petitioner on September 3, 2002. Petitioner presented information that he did not have a long-term history of violence and that the murder and robbery were inconsistent with his history. He also submitted evidence to show a likelihood of rehabilitation. [Document No. 55, Guilty Plea Hr'g Tr. at 1-13]. Following a presentation of the evidence, Judge Leahey sentenced Petitioner to 20-40 years for third-degree murder, which represented the maximum of standard range. On the robbery charge, Judge Leahey sentenced him to 5-20 years to run consecutively on the sentence imposed for third-degree murder. Therefore, the total aggregate sentence imposed was 25-60 years. [Id. at 14-15].

Petitioner did not file a post-sentence motion. On September 27, 2002, he filed a Notice of Appeal and soon thereafter filed a *Concise Statement Of Matters Complained Of On Appeal.* [Document No. 66 at 16-18]. On November 19, 2002, the trial court issued a *Statement* rejecting Petitioner's contention that his sentence was excessive and noting that it "imposed the sentence after careful consideration of the relevant factors and [that it] strongly believes that the sentence was appropriate under all of the circumstances, including the brutality of the murder." [Id. at 18].

Thereafter, Petitioner's counsel, Moore and Lazzari, requested permission to withdraw.

On January 10, 2003, the court granted counsels' request and it appointed Tom Finn, Esq, to represent Petitioner on appeal. In the *Brief For Appellant* [id. at 1-15], Petitioner, through Finn, raised the following claim:

> The Court abused its discretion in sentencing the Appellant to a sentence of twenty-five (25) to sixty (60) years in this matter. Although the Trial Court sentenced the Appellant within the standard range, the Trial Court's application of the sentencing guidelines in this matter were clearly unreasonable under the circumstances of this case. In particular, the Trial Court failed to properly consider the lack of a long-term history of violence by the Appellant as well as the evidence which indicated a strong likelihood of rehabilitation for Appellant. The Trial Court's sentence represents an abuse of discretion under the Pennsylvania Criminal Rules of Court, Sentencing Law and Pennsylvania Case Law.

[Id. at 10].

On July 7, 2003, the Superior Court of Pennsylvania issued a Memorandum affirming Petitioner's judgment of sentence. It held:

> As the Commonwealth points out, appellant has waived any objection to his sentence because he did not preserve the issue at trial, as required by Pa.R.A.P. 302(a), and he did not file a timely post-sentence motion pursuant to Pa.R.Crim.P. 720. Commonwealth v. Williams, 787 A.2d 1085 (Pa. Super. 2001). Preservation of the sentencing issue by objection at sentencing or in a timely post-sentence motion is intended to provide the sentencing judge with an opportunity to reconsider or modify the sentence. The modifications of Rule 720 [formerly Rule 1410] (making post-sentence motions optional) have not altered the requirement of Pa.R.A.P. 302(a) which states that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Commonwealth v. Reeves, 778 A.2d 691 (Pa. Super. 2001).

[Document No. 68 at 10-12, Commonwealth v. Reeves, No. 1732 WDA 2002, slip op. (Pa. Super. July 7, 2003)]. The Pennsylvania Supreme Court denied a petition for allowance of appeal on February 17, 2004.

Next, on June 9, 2004, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT. § 9541 *et seq.*, in which he alleged that his guilty plea was not knowing and voluntary and that his trial counsel were ineffective for not advising him of the consequences of his plea. [Document No. 55; see also Document Nos. 59-62, PCRA Hr'g Tr.].

The PCRA Court (Judge Leahey) appointed Timothy Sloan, Esq., to represent Petitioner.

A hearing was held on March 28, 2005, at which Petitioner and lead trial counsel, Moore, testified. [Document Nos. 59-62, PCRA Hr'g Tr.]. At the conclusion of the hearing, Sloan requested that the court defer ruling on the PCRA petition until such time as Petitioner submitted further evidence. The court provided the requested additional time. However, by August 24, 2006, Petitioner had failed to submit any further evidence and Sloan filed a petition to withdraw as counsel. On September 5, 2006, the PCRA Court permitted Sloan to withdraw and entered an order denying the PCRA petition. It also appointed David L. Beyer, Esq., to represent Petitioner in any appeal.

On November 2, 2006, the PCRA Court filed an Opinion setting forth its reasons for denying post-conviction relief. [Document No. 65 at 10-18, Commonwealth v. Reeves, No. 1797-01, slip op. (C.P. Cambria Nov. 2, 2006)]. It reviewed the relevant facts of the case and held that "[b]ased on the above evidence, it is clear that [Petitioner's] guilty plea was knowing and voluntary. As such, his trial counsel was not ineffective." (Id. at 18).

Petitioner raised the following two issues in his appeal to the Superior Court:

(1) Was trial counsel ineffective in failing to file post-trial motions regarding the length of the sentence imposed when Petitioner had previously advised counsel that he wanted to appeal if he did not receive a certain sentence?

(2) Was trial counsel ineffective in failing to adequately explain the possible sentence that the defendant would likely receive if he pleaded guilty to the agreed offenses?

[See Document No. 67, *Brief For Appellant*].

The Superior Court of Pennsylvania affirmed the denial of PCRA relief in a Memorandum issued May 30, 2007. [Document No. 65 at 21-26, Commonwealth v. Reeves, No. 1878 WDA 2006, slip op. (Pa. Super. May 30, 2007)]. It held:

> First, Reeves argues that trial counsel provided ineffective assistance in failing to preserve his sentencing claims by filing a post-sentence motion. The crux of this contention is that, because counsel allegedly was aware that Reeves wanted to appeal the judgment of sentence, it was unreasonable for her to fail to preserve his challenge to the discretionary aspects of sentencing for appellate review. See Appellant's brief, at 10.
>
> Unfortunately for [Petitioner], this allegation is waived because [he] did not raise it before the PCRA court in either his *pro se* PCRA petition or during the PCRA hearing. Pursuant to Pa.R.A.P. 302(a),

4

> issues not raised in the trial court are waived and cannot be raised for the first time on appeal. See also Commonwealth v. Jones, 583 Pa. 130, 139-140, 876 A.2d 380, 385-86 (2005) (holding that claim alleging layered ineffective assistance of counsel was waived by failure to raise it before post-conviction court); Commonwealth v. Brown, 767 A.2d 576, 585 (Pa. Super. 2001) (stating that issues not raised in PCRA petition and presented to PCRA court are not eligible for appellate review). As [Petitioner] failed to raise this allegation before the PCRA court, that court did not confront it in denying post-conviction relief, and we cannot address the novel claim on appeal. Jones, at 140, 876 A.2d at 386. We reach our decision mindful that [Petitioner] filed his PCRA *pro se* and that neither appointed counsel nor substitute counsel filed an amended petition on his behalf. However, notwithstanding this shortcoming, we observe that [Petitioner] failed to raise the issue during the PCRA hearing despite being provided **two** separate opportunities to raise it at that juncture. First, during direct examination, after counsel addressed [Petitioner's] challenge to the guilty plea, counsel then inquired whether [Petitioner] desired to raise any other issues before the court. [Petitioner] did not raise counsel's post-sentence conduct in any manner. Moreover, [Petitioner] did not even attempt to fashion the relevant claim after trial counsel voluntarily summarized the post-sentence events during the Commonwealth's case-in-chief. Specifically, trial counsel testified that she informed [Petitioner] of his right to a direct appeal several times and discussed the discretionary aspects of sentencing specifically. N.T. PCRA Hearing, 3/28/05, at 62-63. Likewise, counsel advised [Petitioner] of post-sentence procedure, including the ten-day period to object to the sentence. Id., at 63. Counsel continued that [Petitioner] did not initially instruct her to file an appeal, and he only requested the direct appeal after the ten-day period to file post-sentence motions expired. Id. Reeves not only failed to challenge trial counsel's recollection of the pertinent events during cross-examination, he also failed to hone any putative challenge to the discretionary aspects of sentence into a cogent claim for the PCRA court's review. Accordingly, we find that the issue was waived.
>
> Similarly, we also conclude that [Petitioner] abandoned his remaining issue relating to whether counsel's alleged ineffective assistance caused him to enter the guilty plea unknowingly because [Petitioner] did not present any argument in support of this claim in the argument section of his brief. See Commonwealth v. Thomas, 908 A.2d 351, 353-54 (Pa. Super. 2006) (issues identified on appeal but not developed in argument section of appellant's brief are waived); Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued[.]").

[Id. at 23-26 (emphasis in original)].

Next, Petitioner filed his petition for writ of habeas corpus with this Court, which he has amended and supplemented several times. [See Document Nos. 6, 9, 20, 72-74, 76-78, 80-86]. Giving Petitioner the benefit of the doubt because he is proceeding *pro se*, it appears that he is

raising the following five claims:

    Claim 1    trial counsel was ineffective for failing to file post-trial motions regarding the length of the sentence imposed when Petitioner had previously advised counsel that he wanted to appeal if he received a sentence of more than 11 1/2 years;

    Claim 2    trial counsel was ineffective for failing to sufficiently explain: (a) the elements of the crime of third-degree murder before Petitioner pleaded guilty to having committed that crime; and (b) the maximum sentence that he could receive;

    Claim 3    trial counsel was ineffective in the argument it presented to the trial court regarding the defense contention that certain inculpatory statements should be suppressed;

    Claim 4    the trial court erred in denying his suppression motion; and,

    Claim 5    his plea should be voided based upon "newly discovered" information concerning his rights under the Confrontation Clause; that is, his plea was not knowing and voluntary because when he pled he believed that the victim's statements identifying him as the murderer would have been admissible at trial against him, but in actuality they were not under the new rule set forth in Crawford v. Washington, 541 U.S. 36 (2004), as applied in Giles v. California, ___ U.S. ___ , 128 S.Ct 2678 (2008).[1]

In the meantime, Petitioner continued to seek post-conviction relief in state court. On or around September 18, 2008, he filed a second PCRA motion, in which he raised the claim designated above as Claim 5. On October 27, 2008, the PCRA Court issued an order dismissing the petition as untimely. The timeliness of a PCRA petition is jurisdictional. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed

---

[1] In Giles, the prosecution introduced, over the defendant's objection, statements the decedent had made to a police officer responding to a domestic-violence report about three weeks prior to her shooting. The state court had permitted the introduction of the decedent's statements under an exception to the hearsay rule that permitted such introduction when the trial court found that the defendant committed the wrongful act that rendered the decedent unavailable to testify. On appeal, the United States Supreme Court vacated the defendant's judgment of sentence, holding that the decedent's testimonial statements made to the police were admitted against him in violation of the rule announced in Crawford. Crawford, of course, "changed the legal landscape for determining whether the admission of *testimonial* hearsay statements violated the accused's rights under the Confrontation Clause." Albrecht v. Horn, 485 F.3d 103, 134 (3d Cir. 2007) (emphasis added). It is worth noting that, although it is recommended that Petitioner's Confrontation Clause claim be denied as procedurally defaulted, if this Court were to review it on the merits it would be denied because *the victim Marshall's statements to the bartender were nontestimonial and therefore the rule announced in Crawford simply does not apply in the instant case.* United States v. Jimenez, 513 F.3d 62, 77 (3d Cir. 2008) ("nontestimonial statements do not violate the Confrontation Clause and are admissible as long as 'they are subject to a firmly rooted hearsay exception or bear an adequate indicia of reliability.'") (quoting Albrecht, 485 F.3d at 134).

6

within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 PA.CONS.STAT. § 9545(b)(1), is met.[2]  See, e.g., Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000).  Petitioner's judgment of sentence had become final on or around May 17, 2004, which is when the 90-day time period expired for filing a writ of certiorari with the United States Supreme Court in his direct appeal.  U.S. Sup.Ct.R. 13.  Therefore, the state court held, the second PCRA petition was untimely because he had to file it on or around May 17, 2005, and he did not establish that one of the enumerated exceptions applied.

On February 1, 2010, the Superior Court issued a Memorandum affirming the PCRA Court's decision.  (Commonwealth v. Reeves, No. 791 WDA 2009, slip op. (Pa. Super. Feb. 1, 2010) (attached hereto as Ex. A)).  It rejected Petitioner's contention that his second petition fell within the timeliness exception found at § 9545(b)(1)(iii) (see *supra* footnote 2).

Now that Petitioner's state PCRA proceedings have concluded, his request for federal habeas relief is ripe for review.  Respondents contend that Petitioner's claims are procedurally defaulted and that therefore his request for habeas relief should be denied.  They are correct.

**B.    Discussion**

The doctrine of "exhaustion" requires a state prisoner to first present his federal constitutional claims to the state courts before raising those claims in federal habeas court.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999).  This requirement is "grounded in principles of comity; in a federal system, the States should have the first

---

[2] The relevant exception to the timeliness requirement is set forth at subparagraph (iii), which provides that:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> ---
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 PA.CONS.STAT. § 9545(b)(1)(iii).

opportunity to address and correct alleged violations of state prisoner's federal rights.'" Cristin v. Brennan, 281 F.3d 404, 410 (3d Cir. 2002) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). In order to exhaust a claim properly, a petitioner must "fairly present" it to *each level of the state courts*. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848; Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996), abrogated on other grounds by Beard v. Kindler, ___ U.S. ___ ,130 S.Ct. 612 (2009)). In Pennsylvania, this requirement typically means that a petitioner in a non-capital case must present every claim raised in his federal petition to *both the Common Pleas Court and then the Superior Court either on direct or PCRA appeal*. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

As the forgoing review of the procedural history of Petitioner's case demonstrates, he did not properly raise any of his habeas claims in state court. It does not appear that he raised Claim 3 and Claim 4 at any point. He arguably raised Claim 2(b) to the PCRA Court, but then failed to brief it to the Superior Court.[3] He raised Claim 1 to the Superior Court during the PCRA appeal, but that court rejected it because it had not been raised below. He raised Claim 5 in his second PCRA petition, but the Superior Court denied it as untimely.[4]

The procedural default doctrine applies to bar federal habeas relief when a state court has declined or would decline to address a petitioner's federal constitutional claims because he failed to meet a state procedural requirement (*i.e.*, failed to exhaust the claim properly). See, e.g., Whitney v. Horn, 280 F.3d 240, 381 (3d Cir. 2002). A petitioner whose constitutional claim has

---

[3] The Court notes that the contemporaneous evidence and the PCRA hearing testimony and evidence establishes that Petitioner's counsel fully apprised him of the consequences of his plea. Therefore, if Claim 2 was not subject to denial under the procedural default doctrine, it would be denied on the merits.

[4] The state rules that the Superior Court applied to deny Petitioner relief on the claims that he did raise were both "independent" of federal law (meaning the application of the rules did not depend on answering any federal constitutional question) and "adequate" to support the judgment. See, e.g., Gray v. Netherland, 518 U.S. 152, 162 (1996); Coleman, 501 U.S. at 732. A state rule is "adequate" if the state appellate court reviewing the petitioner's claim refused to review it on the merits because the petitioner failed to comply with the rule and the state court's refusal was consistent with other decisions. Nara v. Frank, 488 F.3d 187, 199 (3d Cir. 2007); Kindler, 130 S.Ct. at 617-18 (discretionary state rules can be "adequate"); see also Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (a state procedural rule is "adequate" if it is "firmly established and regularly followed" at the time that the alleged procedural default occurred).

not been addressed on the merits due to the failure to comply with a state procedural rule can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice."[5]  Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).  The only possible "cause" that Petitioner could point to is his PCRA counsels' decision not to raise the instant claims in the PCRA proceeding, and appellate counsel's failure to brief Claim 2.  However, PCRA counsels' conduct cannot be relied upon to demonstrate the "cause" necessary to overcome Petitioner's default, because Petitioner had no Sixth Amendment right to representation during his PCRA proceeding. Cristin 281 F.3d at 420 (only attorney error that rises to the level of a Sixth Amendment violation can constitute "cause") (citing Pennsylvania v. Finley, 481 U.S. 551, 554 (1987) and Coleman, 510 U.S. at 752)).

Accordingly, because Petitioner's federal habeas claims are procedurally defaulted and the "cause and prejudice" exception is inapplicable to excuse his default, Petitioner is not entitled to habeas relief.

### C.   Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the

---

[5] Under the "fundamental miscarriage of justice" doctrine, a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]"  Schlup v. Delo, 513 U.S. 298, 316 (1995); House v. Bell, 547 U.S. 518 (2006); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir. 2004). Coleman, 501 U.S. at 750-51.  Petitioner has not satisfied this exception.  It only applies to a petitioner who demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent.  Id.; Hubbard, 378 F.3d at 339-40.  Actual innocence means factual innocence, not legal insufficiency, and the miscarriage of justice exception applies only in extraordinary cases.  It is not applicable to this case.

Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether Petitioner's habeas claims are procedurally defaulted.  Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus, as amended, be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  April 16, 2010

cc:     The Honorable Sean J. McLaughlin
        United States District Judge